UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MATEO de JESUS DOMINGUEZ**,

    Petitioner,

v.                                           Case No.  8:04-CV-2661-T-24TGW
                                                                       8:01-CR-451-T-24TGW

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

**O R D E R**

This cause comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (CV Doc. Nos. 1 & 11). The Government filed a response in opposition to Petitioner's motion (CV Doc. No. 12). After careful consideration of the parties' submissions, together with the files, records, and transcripts relating to Petitioner's judgement and sentence, this Court has determined that Petitioner's motion pursuant to 28 U.S.C. § 2255 should be **DENIED**.

I.     BACKGROUND

On December 13, 2001, a grand jury returned an indictment charging Petitioner with conspiring to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) and 846 (count one); possessing with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II) (count two); and possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count three) (CR Doc. No. 1).

On March 25, 2002, without a plea agreement, Petitioner pled guilty to counts two and three of the indictment (CR Doc. No. 37). The Government moved to dismiss count one (CR

Doc. No. 55 at 3).

On June 25, 2002, this Court sentenced Petitioner to serve consecutive terms of 121 months of imprisonment for count two and 60 months of imprisonment for count three (CR Doc. No. 40). This Court also imposed 60 months of supervised release. Id.

Petitioner appealed his conviction and sentence to the Eleventh Circuit Court of Appeals (CR Doc. No. 44). On December 18, 2002, Petitioner's counsel moved to withdraw from further representation and filed a brief in support pursuant to Anders v. California, 386 U.S. 738 (1967) (CV Doc. No. 12, Exhibit A). Petitioner's counsel stated that she had carefully reviewed the record, but she could not ascertain any arguable issue for direct appeal. Id. at 29. On August 18, 2002, the Eleventh Circuit agreed with Petitioner's counsel and held that an "independent examination of the record reveal[ed] no arguably meritorious issue on which to base an appeal." (CR Doc. No. 73). Accordingly, the Eleventh Circuit granted Petitioner's counsel's motion to withdraw and affirmed Petitioner's conviction and sentence. Id.

On December 9, 2004, Petitioner timely filed this collateral attack on his sentence pursuant to 28 U.S.C. § 2255 (CV Doc. No. 1).

## II.   PETITIONER'S CLAIMS

Petitioner raises three claims in his section 2255 motion: (1) the Court lacked jurisdiction to adjudicate his case; (2) the sentence violates his First, Fifth, Sixth, and Fourteenth Amendment rights; and (3) ineffective assistance of trial and appellate counsel.

### A.   Petitioner's Jurisdictional Challenges

Petitioner argues that his sentence must be vacated because this Court lacked subject matter and personal jurisdiction to adjudicate his case.

First, Petitioner alleges that this Court lacked subject matter jurisdiction because the indictment did not charge Petitioner with a violation of United States law (CV Doc. No. 11 at 15). However, Petitioner's allegation has no basis in the law. Subject matter jurisdiction defines the court's authority to hear a particular type of case. United States v. Morton, 467 U.S. 822, 828 (1984). Congress granted district courts jurisdiction to hear "all offenses against the laws of the United States." 18 U.S.C. § 3231. Petitioner was charged with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) (count two) and 18 U.S.C. § 924(c) (count three). These are violations of the laws of the United States. Therefore, under 18 U.S.C. § 3231, this Court had jurisdiction to adjudicate Petitioner's case and Petitioner's claim for relief is denied.

Next, Petitioner argues that this Court lacked personal jurisdiction over him because he is a Florida citizen who "has not made nor maintained minimum contacts with the Forum State District of Columbia" (CV Doc. No. 11 at 2, 9). Again, Petitioner's allegation has no basis in the law. See United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting defendant's claim that, as a citizen of the sovereign state of Ohio, that he could not be prosecuted in federal district court). Therefore, Petitioner's claim for relief on this ground is also denied.

B.  Petitioner's Unconstitutional Sentence Enhancement Claim

Petitioner claims that his sentence violates his First, Fifth, Sixth, and Fourteenth Amendment rights because it is based on findings of fact not charged in the indictment or found by a jury on proof beyond a reasonable doubt (CV Doc. Nos. 1 at 5 & 11 at 1). Petitioner bases his argument on the Supreme Court cases Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005) (CV Doc. No. 11 at 1).

Apprendi applies to Petitioner's case because it was decided before Petitioner's sentence became final. In Apprendi, the Supreme Court held that any fact, other than a prior conviction, that increases the penalty for a crime beyond the statutory maximum must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Blakely, 124 S.Ct. at 2536. With regard to count two, Petitioner alleges that he only pled guilty to possessing between 1.8 and 2 kilograms of cocaine, not the five kilograms or more required for a conviction under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II) (CV Doc. No. 11 at 5). However, the transcript of Petitioner's plea hearing directly contradicts Petitioner's allegation. On June 25, 2002, this Court informed Petitioner of the charge against him and insisted that Petitioner only plead guilty to the charge if he did, in fact, commit the crime (CR Doc. No. 55 at 7, 22). Thereafter, Petitioner admitted that he possessed the cocaine and pled guilty to count two of the indictment (CR Doc. No. 55 at 22-3). The factual basis, to which there was no objection, provided that Petitioner possessed sixteen kilograms of cocaine. Additionally, Petitioner's sentence of 121 months does not violate Apprendi because it does not exceed the statutory maximum penalty for this offense, which is life imprisonment. See 21 U.S.C. § 841(b)(1)(A). Accordingly, Petitioner's claim for relief on this ground is denied.

Furthermore, Blakely and Booker do not apply to Petitioner's case because they were decided after Petitioner's sentence became final. For a new rule to be retroactive to cases on collateral review, the Supreme Court must unequivocally announce that the new rule is retroactive. In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005). The Supreme Court, however, has not expressly stated that either Blakely or Booker apply retroactively to cases on collateral review. Id. Accordingly, the holdings in Blakely and Booker are not available to

Petitioner, and Petitioner's claim for relief on this ground must also be denied.

    C.    <u>Petitioner's Ineffective Assistance of Counsel Claims</u>

A defendant's right to effective assistance of counsel is grounded in the Sixth Amendment. <u>See</u> U.S. Const. amend. VI. The standard for judging any claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial [could not have] produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). A sentence may be vacated for ineffective assistance if: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the petitioner. <u>Id.</u> at 687. This standard applies to both trial and appellate counsel. <u>Heath v. Jones</u>, 941 F.2d 1126, 1130 (11th Cir. 1991).

First, counsel's performance was deficient if it "fell below an objective standard of reasonableness." <u>Id.</u> at 688. This requires the petitioner to prove that, under the circumstances, counsel's conduct fell outside the wide range of professionally competent assistance. <u>See</u> <u>id.</u> at 690. If the record is incomplete or unclear about counsel's actions, then the court must presume that counsel exercised reasonable professional judgment. <u>Chandler v. United States</u>, 218 F.3d 1305, 1315 n.15 (11th Cir. 2000) (quoting <u>Williams v. Head</u>, 185 F.3d 1223, 1228 (11th Cir. 1999)). Second, counsel's deficient performance prejudiced the petitioner if there is a reasonable probability that but-for the deficient representation the result of the petitioner's case would have been different. <u>Strickland</u>, 466 U.S. at 694.

    1.    <u>Ineffective Assistance of Trial Counsel</u>

Petitioner argues that trial counsel was ineffective because counsel failed to object to jurisdictional issues (ground one), counsel did not inform Petitioner of potential sentence

enhancements (ground two), counsel did not interview or bring witnesses to Petitioner's defense (ground three), counsel did not properly prepare a defense (ground four), counsel failed to object to the Presentence Investigation Report ("PSI") (ground five), counsel did not show Petitioner the PSI until the morning of sentencing (ground six), and counsel was subsequently disbarred (ground seven) (CV Doc. No. 11 at 6A). Each of Petitioner's allegations is discussed, in turn, below.

Ground One

First, Petitioner claims that trial counsel was ineffective because counsel failed to argue that this Court lacked jurisdiction to adjudicate Petitioner's case (CV Doc. No. 11 at 6A). As discussed above, Petitioner's argument that this Court lacked jurisdiction is without merit and Petitioner is not entitled to relief for counsel's failure to raise a frivolous claim.

Grounds Two and Six

In grounds two and six, Petitioner argues that he received ineffective assistance because trial counsel: (1) did not inform Petitioner of the potential sentence enhancements in his case and (2) did not thoroughly review the PSI with Petitioner until the morning of sentencing (CV Doc. No. 11 at 6A). Petitioner is not entitled to relief on either of these claims because the claims do not satisfy both prongs of the Strickland standard. First, even if Petitioner proved that trial counsel performed deficiently by not informing Petitioner about sentence enhancements, Petitioner cannot establish that but-for counsel's allegedly deficient performance, Petitioner's sentence would have been different. Similarly, even if Petitioner proved that trial counsel performed deficiently by failing to review the PSI with him until the morning of sentencing, Petitioner cannot show that but-for counsel's conduct, Petitioner would have received a lesser

sentence. Therefore, Petitioner is not entitled to relief on either of these grounds.

Ground Three

In ground three, Petitioner argues that trial counsel was ineffective because counsel did not interview or bring witnesses to Petitioner's defense (CV Doc. No. 11 at 6A). Petitioner has not alleged any facts to support his claim that counsel failed to interview witnesses. However, even if trial counsel could have called witnesses to testify at sentencing on Petitioner's behalf, counsel's decision not to call witnesses does not amount to ineffective assistance. See Crawford v. Head, 311 F.3d 1288, 1313 (11th Cir. 2002) (citing Chandler, 218 F.3d at 1317). Moreover, Petitioner cannot establish that but-for trial counsel's failure to call witnesses at sentencing, Petitioner would have received a more favorable sentence. Accordingly, Petitioner is not entitled to relief on this ground.

Ground Four

In ground four, Petitioner alleges that trial counsel was ineffective because counsel did not "properly" prepare Petitioner a defense (CV Doc. No. 11 at 6A). Petitioner pled guilty to counts two and three of the indictment, so Petitioner's argument is unclear, but Petitioner may be arguing that trial counsel failed to present mitigating evidence to support a downward departure of Petitioner's sentence. See Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988) (stating that a pro se litigant's arguments should be construed liberally). However, Petitioner has not alleged any mitigating facts that would have supported a downward departure of his sentence. Petitioner's speculative and unsupported assertion cannot support an ineffective assistance of counsel claim. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991). Therefore, Petitioner is not entitled to relief on this ground.

7

Ground Five

In ground five, Petitioner claims that trial counsel was ineffective because counsel failed to raise objections to the PSI (CV Doc. No. 11 at 6A). However, the transcript of Petitioner's sentencing hearing reflects that counsel did raise objections to the PSI (CV Doc. No. 57 at 21-4). Petitioner may be arguing that trial counsel was ineffective because he did not raise additional objections. Even still, Petitioner does not state what additional objections could have been raised or how those additional objections would have impacted his sentence. Therefore, Petitioner's argument is insufficient to support a claim of ineffective assistance of counsel.

Ground Seven

In ground seven, Petitioner argues that he is entitled to relief for ineffective assistance because, subsequent to Petitioner's case, trial counsel was disbarred (CV Doc. No. 11 at 6A). To prevail on an ineffective assistance of counsel claim, Petitioner must prove that trial counsel's conduct "so undermined the proper functioning of the adversarial process that the trial" could not have produced a just result. See Strickland, 466 U.S. at 686. The relevant period of inquiry is trial counsel's conduct during *Petitioner's* trial. Therefore, Petitioner's argument that trial counsel was disbarred after Petitioner was sentenced is not a ground for relief.

        2.    Ineffective Assistance of Appellate Counsel

Petitioner claims that his appellate counsel was ineffective because she did not prepare Petitioner an appeal (CV Doc. No. 11 at 6A). However, the Eleventh Circuit reviewed the record in Petitioner's case and determined that there were no "arguably meritorious issues on which to base an appeal" (CR Doc. No. 73). Because counsel is not ineffective for failing argue meritless issues, Petitioner is not entitled to relief on this claim.

III.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. No. 1) is **DENIED**. The clerk is instructed to **ENTER JUDGMENT** for the United States of America in Case No. 8:04-CV-2661-T-24T6W, **TERMINATE** all other pending motions, and **CLOSE** the case.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of October, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
James Muench, AUSA
Pro Se Petitioner